NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN M. MUCHA, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 05-1540 (RBK) |
| v. | : |  |
| JONATHAN C. MINER, | : | OPINION |
| Respondent. | : |  |

**APPEARANCES:**

    JOHN M. MUCHA, #14311-014
    F.C.I. Fairton Camp
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

    LOUIS J. BIZZARRI, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorney for Respondents

**KUGLER**, District Judge:

    John M. Mucha, an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the date set by the Bureau of Prisons ("BOP") for his pre-release custody placement in a community corrections center ("CCC").  Respondents filed a motion to dismiss the Petition and an Answer. Petitioner filed a response in opposition to the motion to dismiss, and two discovery motions.  In light of the Third Circuit's ruling on December 15, 2005, that the regulations limiting CCC

placements to the final 10% of a sentence are invalid, see Woodall v. Fed. Bureau of Prisons, ___ F.3d ___ 2005 WL 3436626 (3d Cir. Dec. 15, 2005); 28 C.F.R. §§ 570.20, 570.21, this Court grants the Writ of Habeas Corpus to Petitioner.

## I.  BACKGROUND

Petitioner challenges a change in BOP's longstanding policy of generally designating a CCC or halfway house as the place of confinement for federal prisoners during the final six months of the term of imprisonment.  Pursuant to a memorandum from the Office of Legal Counsel in the Department of Justice ("OLC memorandum"), effective December 20, 2002, BOP implemented a policy of limiting designations to a CCC to the lesser of the last 10% of the sentence or six months.  Effective February 15, 2005, the BOP adopted regulations, see 28 C.F.R. §§ 570.20, 570.21, which categorically limit the amount of time an inmate may be placed in a CCC to the final 10% of the sentence.

Petitioner is presently serving a 48-month sentence at F.C.I. Fairton Camp in New Jersey, with a projected release date of August 6, 2006.  He challenges the BOP's decision to place him in a CCC for not more than the final 10% of his sentence, or on April 2, 2006, as contrary to federal law.  Petitioner contends that prison officials violated federal statutory law by limiting his pre-release placement date to 10% of the sentence and abandoning its longstanding practice of generally placing inmates in a CCC for the final six months of the sentence.  He seeks an order directing the BOP to reconsider, in good faith, his period of placement in accordance with the practice prior to December 2002, and to place him in a CCC for the final six months of his sentence, or on February 7, 2006.

The BOP filed a motion to dismiss the Petition on the ground that officials determined Petitioner's CCC placement date, not on the basis of the December 2002 memoranda, which Petitioner challenges, but pursuant to the 2005 regulations which, according to the BOP, Petitioner does not challenge. See 28 C.F.R. §§ 570.20, 570.21. In his Reply to the motion to dismiss, Petitioner argues that dismissal is not warranted and that the motion to dismiss should be denied "because the BOP by creating 28 C.F.R. §§ 570.20, 570.21, has simply institutionalized the December 2002 OLC Memorandum as it was originally written by the BOP's Office of Legal Counsel in December 2002." (Petitioner's Reply to Respondent's Motion to Dismiss, p. 2.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition. See Woodall at *6 & n.8; Spencer v. Kemna, 523 U.S. 1

(1998).  The Court construes Petitioner's papers as challenging the determination of the BOP that Petitioner is not eligible for CCC placement other than during the final 10% of the sentence.  Accordingly, the Court will deny the motion to dismiss the Petition.

B.  The Merits

On December 15, 2005, the Third Circuit reversed a decision of a district judge of this Court which dismissed the Petition of James Allen Woodall, a federal prisoner challenging the 2005 regulations.  The Court noted that, "[p]rior to December 2002, the BOP regularly considered prisoners for CCC placement for up to six months at the end of a sentence, regardless of the total sentence length.  These practices were entirely routine, and were all but taken for granted by all participants:  the BOP, the Probation Office, the U.S. Attorney's Office, the defense bar, and the judiciary."  Woodall at *3 (citation, footnote and internal quotation marks omitted).  After considering 18 U.S.C. §§ 3621(b) and 3624(c), and congressional intent, the Third Circuit determined that the new BOP regulations are invalid because they run afoul of the BOP's governing statute and congressional intent:

> We agree with the reasoning of those courts that have found the regulations unlawful.  The regulations do not allow the BOP to consider the nature and circumstances of an inmate's offense, his or her history and pertinent characteristics, or most importantly, any statement by the sentencing court concerning a placement recommendation and the purposes for the sentence.  And yet, according to the text and history of § 3621, these factors must be taken into account.  The regulations are invalid because the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations.

Woodall at *6.

The Third Circuit remanded for the following remedy:

> [T]he appropriate remedy is an order requiring the BOP to consider - in good faith - whether or not Woodall should be transferred to a CCC. In making this decision, the BOP should consider the sentencing judge's recommendation and the other § 3621 factors, as well as any other appropriate factors the BOP routinely considers. This should be done without reference to the BOP's 2002 and 2005 policies. It should also be done immediately . . . Accordingly, we will vacate the District Court's order and remand with instructions to grant the writ of habeas corpus conditioned upon the BOP's immediate reconsideration of the decision as to whether to transfer Woodall to a CCC under the § 3621 factors.

Woodall at *13.

Woodall requires this Court to grant the Writ to Petitioner. Within 20 days of the date of the entry of the Order accompanying this Opinion, the BOP shall consider - in good faith - whether or not Petitioner should be transferred to a CCC. The Court will authorize Petitioner to renew his application before this Court if BOP does not comply with the Order.[1]

### III. CONCLUSION

For the reasons set forth above, the Court denies the motion to dismiss, grants a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to Petitioner directing Respondents to consider his designation for CCC placement within 20 days, and denies Petitioner's discover motions as moot.

                          s/Robert B. Kugler
                          ROBERT B. KUGLER, U.S.D.J.

Dated: December   23  , 2005

---

[1] Petitioner filed motions for an order compelling Respondent to answer requests for admissions and interrogatories. The Court will deny these motions as moot.